IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERRY ADAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 08-0957-CV-W-ODS |
| ) | Crim. No. 05-00316-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255</u>

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The motion is denied.

<u>I. THE MOTION'S MERITS</u>

Movant was charged with several counts of violating the Hobbs Act, 18 U.S.C. § 1951(a). In summary, Movant interfered with interstate commerce by robbing fast food restaurants. During these robberies, Movant brandished a toy gun that appeared authentic to the victims/witnesses. Some of the robberies occurred in Kansas, and charges related to those crimes were transferred to this Court pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

Approximately one month after the Indictment was issued, Defendant's attorney filed a Motion for Determination of Competency. The matter was discussed in a hearing before the Honorable Sarah W. Hays, Magistrate Judge for this District. Judge Hays granted the motion; her written order details some of the information relied upon to justify counsel's request:

> [T]he forty-four year old defendant has been treated for mental health
> issues since he was fourteen. He was hospitalized for inpatient mental
> health treatment in 1982, 1984, 1986 and, 1987 at Western Missouri

Mental Health for periods ranging from ten to thirty days. Since being released from incarceration he has been receiving mental health counseling on an outpatient basis. Defendant has been diagnosed with schizophrenia, bipolar disorder and borderline personality disorder. He has made four suicide attempts in the last two years. Although he has been on medication in the past for his mental health conditions, he has not taken any medication for sixteen months.

Movant was examined by at the Federal Medical Center ("FMC") in Lexington, Kentucky, from November 10, 2005, to December 23, 2005. A report was prepared indicating Movant was treated with "Haloperidol for his psychotic symptoms, and Trazadone to help him sleep." Psychological tests were administered, but the doctors opined that Movant was not putting forth his best effort and purposely attempting to provide results that would make it appear as if he had a mental disease or defect. It was ultimately determined Defendant was competent to proceed to trial and assist in his defense. Judge Hays issued a Report and Recommendation to that effect, which was later adopted by the undersigned.

Movant eventually reached an agreement with authorities in Missouri and Kansas, pursuant to which he agreed to plead to an Amended Information that included some of the crimes he committed in both states. On July 5, 2006, he appeared before the undersigned to waive indictment and plead to the Amended Information. During the Rule 11 proceeding, Movant stated he was taking Resperdal, Cogentin and Haldol. When discussing Movant's competence to enter a plea, counsel stated as follows:

> Early on, Judge, in my initial meeting with Mr. Adams and Tim Hair from pretrial service, I thought it would be prudent to have Mr. Adams evaluated for his competency to stand trial or proceed in these proceedings also. We did have him evaluated and the report has been produced. And I'm sure a copy is in your court file. The prosecutor and I have obtained and reviewed that report, indicating he is competent to stand trial.
> There is, I think, an adequate summary of his mental health status in that report. And the conclusion was and is that he is competent to proceed in these matters.
> Further, Judge, we then contracted with Dr. Delaney Dean, who is a person our offices uses from time to time to do an independent

2

> evaluation, who while she opines that Mr. Adams does suffer from mental
> health issues, she also would concur that he is competent to stand trial
> and to continue in these proceedings.

Plea Tr. at 7. Later, in response to questioning from his attorney, Movant answered affirmatively when asked "at the time that you committed these eleven separate robberies, did you know that taking money by threat or violence or force was against the law?" Plea Tr. at 18.

The sentencing took place on January 22, 2007. The presentence investigation report ("PSR") reflected Movant had five prior convictions for robbery. This criminal history qualified Movant as a career offender, making his Total Offense Level (after a reduction for acceptance of responsibility) 29 and his Criminal History Category VI. Movant argued against application of the career offender provisions, but counsel's arguments were rejected. Counsel also argued for a further reduction pursuant to either section 5K2.13 of the Sentencing Guidelines or the Court's authority under 18 U.S.C. § 3553, based on Movant's diminished mental capacity. This request was supported by a report from Dr. Dean; the report is dated November 22, 2006, and was based solely on her examination in April 2006. Dr. Dean's three-page report notes portions of Movant's medical/mental treatment history and concludes "that Mr. Adams committed these offenses while he was suffering from a reduced mental capacity, to wit: Chronic Paranoid Schizophrenia. I hold this opinion to a reasonable degree of psychological certainty." She also described certain characteristics of people suffering from untreated paranoid schizophrenia, including an absence of clear thinking, poor judgment, and irrational decisions. The Court declined to rely on Dr. Dean's report, in part because it relied heavily on self-reporting of facts and events from Movant and he had demonstrated himself to be unreliable in this regard. The Court also noted the report from the FMC, which found Movant feigned symptoms and malingered when tested. Sentencing Tr. at 17-18.

Movant appealed the sentence, arguing the prior convictions were not separate offenses, so he was improperly characterized as a career offender. His arguments

3

were rejected and the sentence was affirmed. United States v. Adams, 509 F.3d 929 (8th Cir. 2007). He then filed his motion for relief under 28 U.S.C. § 2255.

## II. DISCUSSION

Movant presents a variety of related arguments that, for ease of discussion, will be addressed collectively. The Court will also address them in a different order than they were presented to facilitate discussion.

### A. Determination of Competency to Assist in Defense and Stand Trial

Movant presents several arguments challenging the determination that he was competent to assist in his defense and stand trial. He has attempted to couch his arguments in terms alleging his counsel's ineffectiveness, but the content of his arguments amounts to nothing more than a challenge to the factual findings, legal conclusions, and the adequacy of the proceedings. These are issues that should have been raised on direct appeal; a post-conviction proceeding is not the proper avenue for raising such issues.

Movant cannot prevail even if the issue is considered in the context of the Sixth Amendment right to effective counsel. A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent

4

assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

Here, the Record establishes that neither prong has been satisfied. Counsel arranged for Movant to undergo two mental examinations: one by Government doctors at the FMC, and one by an independent psychologist. The experts agreed Movant was competent to assist in his defense and proceed to trial. There is little more counsel could have done, and there is no other evidence to suggest Movant was incompetent at the time of his plea.

Movant points to his history of mental health treatment and suggests counsel was ineffective for failing to present this information. However, this history was known to the examining mental health experts when they offered their opinions. Moreover, at best this information could have been evidence of Movant's condition many years prior to the robberies and would not have been probative of Movant's condition during the court proceedings in this case. Counsel's "failure" to present this information to the Court did not constitute deficient performance or prejudice Movant's rights.

### B. Competence to Change Plea

Movant contends he was not competent to change his plea. This is an argument that should have been raised on direct appeal, and the discussion in the preceding section applies to this issue as well.

5

Movant seems to suggest the Court should have conducted an independent evaluation of the issue at the Rule 11 hearing, but there was no need for this: the Court already conducted an evaluation and made a decision when it accepted Judge Hays' Report and Recommendation. The Court also discussed the issue with counsel during the Rule 11 hearing, and had the opportunity to observe Movant at that time. Nothing occurred during the Rule 11 hearing that suggested Movant was incompetent or otherwise cast doubt on the Court's previous decision on the matter. Cf. United States v. Grey Cloud, 90 F.3d 322, 323 (8th Cir. 1996) (per curiam) (citing Dusky v. United States, 362 U.S. 402 (1960) (per curiam)).

C. Ineffective Assistance of Counsel in Failing to Challenge Prior Convictions

Procedurally, this issue arose later than some of Movant's other issues, but for clarity's sake it will be addressed here. Movant contends his attorney was ineffective for failing to challenge his prior convictions. He argues that he was mentally incompetent at the time of those prior proceedings (or the prior crimes), making those convictions invalid. Movant faults counsel for failing to challenge his mental competency in connection with those convictions.

Movant had five prior felony convictions for robbery (or, in the case of number 2, below, threatened use of a deadly weapon):

1. Jackson County, Missouri, Case No. CR87-4829 – sentenced on June 9, 1988, to 15 years custody.
2. Jackson County, Missouri, Case No. CR88-0151 – sentenced on June 9, 1988, to 15 years custody to run concurrent with case CR87-4829.
3. Jackson County, Missouri, Case No. 88-0944 – sentenced on June 9, 1988, to 15 years of custody concurrent with the above cases.
4. Johnson County, Kansas, Case No. K0056385 – sentenced on August 2, 1989, to 5-20 years in custody to run consecutive to the three Jackson County cases.

6

5. Lyon County, Kansas, Case No. 88CR185 – sentenced on July 30, 1992, to 10-30 years in custody to run concurrent to the Johnson County conviction, but consecutive to the three Jackson County cases.

Movant relies on records and reports he contends establish that he was mentally incompetent at the time he plead guilty to these offenses.

There are several flaws with his argument. First, Movant appears to have raised this issue in connection with each of his prior convictions, either in the proceedings themselves or in postconviction proceedings following them. Res judicata and other preclusion principles preclude reconsideration by this Court. Second, even if Movant had not raised the issue in the state courts (or in federal courts pursuant to 28 U.S.C. § 2254), he could not collaterally attack the validity of his prior convictions in either this case or the underlying criminal case. E.g., United States v. Elliott, 992 F.2d 853, 857-58 (8th Cir. 1993), cert. denied, 511 U.S. 1130 (1994). Counsel's performance was not deficient for failing to present arguments that are not cognizable, nor was Movant prejudiced by the failure to present arguments that were not viable as a matter of law.

D. Ineffective Assistance of Counsel in Failing to Consider Defenses

Movant argues his attorney was ineffective for failing to consider presenting a defense based on mental disease or defect. To demonstrate the defense's viability, Movant primarily relies on Dr. Dean's report. He buttresses the report by pointing to his previously mentioned history of treatment and the fact that counsel was negotiating a plea agreement before he received Dr. Dean's report.

To put matters in proper perspective: while Dr. Dean's report is dated after Movant changed his plea, it was based on her examinations before the Rule 11 proceeding. The colloquy between counsel and the Court demonstrates counsel discussed the matter with Dr. Dean prior to the Rule 11 proceeding – establishing counsel considered issues related to Movant's mental state prior to participating in the hearing and recommending Movant change his plea. The fact that counsel was exploring options prior to the Rule 11 hearing is of no consequence.

7

Movant overstates the extent of Dr. Dean's findings. While she found Movant was suffering from chronic paranoid schizophrenia, she did not indicate Movant "was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a); see also United States v. Long Crow, 37 F.3d 1319, 1323 (8th Cir. 1994), cert. denied, 513 U.S. 1180 (1995). Indeed, Movant's testimony at the Rule 11 proceeding established that, at the time he committed the crimes, he knew what he was doing and that it was unlawful. At best, Dr. Dean established Movant suffered from a condition that induced him to make irrational decisions and rely on poor judgment – but this does not satisfy the rather high standard for establishing an insanity defense. Indeed, nothing in the Record satisfies this standard, particularly in light of the suggestions from the FMC that Movant was attempting to engineer favorable findings during his tests and that fact that Dr. Dean relied exclusively on Movant for information about his condition and status at the time of the crimes – and yet, she still did not suggest he was insane. The "statutorily imposed higher burden of proof [for the insanity defense] calls for a correlating higher standard for determining the quantum of evidence necessary to entitle a defendant to such an instruction." Long Crow, 37 F.3d at 1323. Movant would not have been entitled to an instruction on the defense, so he suffered no prejudice even if counsel's performance was deficient.

### E. Ineffective Assistance of Counsel in Challenging Career Offender Classification

Finally, Movant argues his counsel was ineffective in his opposition to the career offender classification. He does not fault counsel for raising the issues he asserted, but rather for failing to assert another one: that the prior convictions were too old to be counted for purposes of the classification. The argument Movant contends should have been raised lacks merit, so he was not prejudiced by counsel's failure to assert it.

"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled

8

substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Prior offenses are counted if they were "imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1). Movant correctly observes he was sentenced on only one of his prior convictions within fifteen years of the instant offenses. However, by his own admission, Movant was serving his prior sentences within fifteen years prior to the instant offenses. Therefore, the prior convictions were properly counted and Movant was not prejudiced by counsel's failure to raise this issue.

### III. CONCLUSION

For the foregoing reasons, the Motion for Postconviction Relief is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: June 3, 2009　　　　　　　　　　UNITED STATES DISTRICT COURT